Henry Foster *vs.* Charles L. Ames et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued March 10th—decided April 11th, 1933.

*Francis V. Tracy,* for the plaintiff.

*H. Roger Jones,* Assistant Attorney-General, with whom was *Ernest L. Averill,* Deputy Attorney-General, and, on the brief, *Warren B. Burrows,* Attorney-General, for the defendants.

HINMAN, J. Under the retirement system for teachers set up by Chapter 55 of the General Statutes, 1930, the "retirement allowances" provided for consist of annuities, which are payments for life derived from contributions of teachers, and pensions, which are payments for life derived from contributions by the State. § 1031. The annuities are paid from a fund consisting of assessments paid by members of the retirement association and interest derived from investments of the fund. Each member is required to pay into the fund, in the manner provided in § 1039, "five per centum of his annual salary," subject to certain exceptions not of present moment. § 1035. The amount of annuity to which any member is entitled depends upon the sum of the assessments so paid in by him and he receives monthly, as pension, an amount equal to his annuity, paid from the pension fund. § 210a, Cum. Sup. 1931. Section 1039 requires that the board of education of each town or city shall, on or before October 1st of each year, certify to the retirement board the names and salaries of all teachers in its employ to whom the statute applies, and shall on the first day of each month notify the board of the employment of new teachers, removals, withdrawals, and changes in salaries of teachers that shall have occurred during the month preceding, and shall "deduct from the amount of the salary due each teacher . . . such amounts as are due as contributions to the annuity fund," and send a statement of the amounts

deducted to the secretary of the retirement board. Section 1040 requires the treasurer of each town or city to transmit monthly to the secretary of the retirement board the amount so deducted from teachers' salaries.

The plaintiff on May 2d, 1932, was and still is a teacher employed by the city of Bristol. On that date the city tendered him a contract of employment for the ensuing year at a salary stated therein as $1800 per annum, but attached a communication stating that "In view of the existing financial emergency, the Board of Education has been forced to request a contribution of ten per cent of their salaries from all employees. . . . Your consent to this contribution and authorization for its deduction monthly from your salary, evidenced by your signature to the flier attached to your acceptance, is hereby made a condition of this offer of a contract. The Board of Education reserves the right to waive this condition if circumstances make this possible during the school year 1932-1933." On May 9th the plaintiff accepted the contract and returned it to the board of education with a signed statement in the form prescribed authorizing the board to deduct ten per cent "from such amounts as may be due me under said contract monthly for the school year July 15, 1932, to July 14, 1933, as my contribution to the city in the existing financial emergency." On June 7th the board of education forwarded a request to the plaintiff to make an additional contribution of nine per cent of his salary, which also contained a statement that the contract of plaintiff would be cancelled upon failure to accede to the request. On June 14th the plaintiff acceded to this request and gave authority to the board to deduct an additional nine per cent, making a total of nineteen per cent.

On September 30th, 1932, the board of education forwarded to the teachers' retirement board a monthly payment of $9 for the plaintiff based on a salary of $1800 per annum, but that board returned the sum so forwarded on the ground that it was not computed in accordance with the law and that the five per cent should be based on the net sum received by the plaintiff. The purpose of the present action is to determine which basis is correct, the question reserved being: Is the amount which the plaintiff is entitled to have accepted to be computed on a salary of $1800, or upon the actual amount due to and received by the plaintiff after the deduction of nineteen per cent by the city?

The claim of the plaintiff is that his "annual salary" upon which, under § 1035 of the General Statutes, his payments into the annuity fund are based, is the salary specified by his contract—$1800 per year—without taking into account the reduction from that amount in the sum actually received by him, through the deductions authorized as above stated; that of the retirement board is that the payments should be computed upon the salary actually received after making these deductions. The plaintiff asserts that the authorizations of the deductions are separate or separable from the contract of employment as a teacher and do not affect the annual salary therein specified, and that the amount of this salary is the basis which the statute contemplates for payments into the annuity fund. Section 1035 provides that the payment shall be five per cent of the "annual salary" but it is plainly indicated in § 1039 that changes in salaries occurring during the school year are to be reported and taken into account and that the monthly payment for the fund shall be based upon and deducted from "the amount of the salary due" the teacher. Considering, as we

must, the statute as a whole, we conclude that the intended and prescribed basis for ascertainment of the payments in question is the amount which the teacher is entitled to receive from his employer, the city, as his salary, and which, consequently, is due him from it.

The plaintiff points out that if he had authorized the board of education to pay, out of his salary and on his behalf, for example to a charitable organization, a contribution made by him to such organization, that payment would not be deductible from the amount of his salary in computing his payment into the retirement fund. In this he is correct, but we are unable to concur in his contentions that the deductions now in question are of the same or an analogous nature and that the same principle is applicable to them. The circumstances disclosed by the stipulated facts and the exhibits incorporated by reference are significant of the actual purpose and effect of the procedure adopted in the employment and compensating of teachers for the current school year. The financial situation of the city, in the judgment of its officials, was such as to require reductions in the compensation of its employees. In many cases these were effected by a specific decrease in wages, in some instances, at least, supplemented by an additional "contribution" of ten per cent on the amount of wages of the employee under the reduced wage scale, thus making an actual reduction of nineteen per cent. The board of education chose to accomplish the same pecuniary result, as to the teachers employed by it, by nominally maintaining in its contracts the salary scale, but at the same time procuring the desired reduction in expenditures for teachers' salaries through the imposition of compulsory "contributions" to the city, by each teacher, to be deducted from the amount of salary stated in the contract, and withheld by the city. The

necessary result of this arrangement is that nineteen per cent of the so-called "contractual salary" never passes from the city treasury to or for the benefit of the teacher, while in the illustrative case payment by the city to a third party on order or authorization of the teacher, although not made direct to him, would be disbursed on his behalf and for his benefit and, as between him and the city, must be deemed to have been received by him.

It is plain that the concession made by the plaintiff as to the amount of his compensation, although characterization of it as a "contribution to the city" may be more euphonious and may possibly render it more palatable, in actual effect amounts to and is a reduction of salary, and the resulting amount of plaintiff's salary for the purposes of the retirement fund as well as for all other practical purposes, is not $1800 per year but $1800 less nineteen per cent, or $1458, which is all that is payable to or receivable by him as such salary.

Our answer to the question reserved is that the amount which the plaintiff is entitled to have accepted by the teachers' retirement board is to be computed upon the basis of the amount actually paid to him, viz.: $1458.

No costs will be taxed in this court.

In this opinion the other judges concurred.